419 So.2d 963 (1982)
STATE of Louisiana
v.
Leonard MOORE.
No. 81-KA-3333.
Supreme Court of Louisiana.
September 7, 1982.
*964 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Allen Harvey, Asst. Dist. Atty., for plaintiff-appellee.
Martha E. Minnieweather, Bastrop, for defendant-appellant.
WILLIAM H. BYRNES, III, Justice Pro Tem.[*]
Defendant, Leonard Moore, was charged by bill of information on June 23, 1980 with extortion, a violation of La.R.S. 14:66. He pled not guilty and was tried by a jury on Sept. 29-30, 1981. He was found guilty *965 and, on October 30, 1981, was sentenced to eleven years hard labor. Defendant appeals his conviction and sentence designating 6 assignments of error. The facts brought forth at trial are as follows.
On May 15, 1980 defendant, an on duty commissioned police officer with the Bastrop City Police, approached a parked vehicle on a secluded road in Bastrop. In the vehicle were two young adults who apparently had been engaging in sexual intercourse. The defendant informed them that they were parking on a public highway and committing public obscenity. He told them that since two charges were involved he would have to arrest them. He refused their request to be allowed to dress. Having taken the male to the patrol car the defendant suggested to the female that if she would expose herself to him he would forget the charges against them. She acquiesced and the defendant inspected her with his flashlight. He then had the victims follow him to another near-by location. When they arrived the defendant began to fill out "field contact cards" on the victims and again stated that since two charges were involved he would have to arrest them. However, after filling out the cards, the defendant told the female, out of the presence of the male, that if she would have intercourse with him he would forget the whole incident. She submitted. After having intercourse with her the defendant tore up the field contact card and told the couple they were free to go. The couple agreed not to discuss the incident with anyone but the male eventually did. This led to the defendant's arrest on June 9, 1980.

ASSIGNMENT OF ERROR I.
By this assignment the defendant contends that the trial court erred in allowing the state to introduce the pieces of the field contact cards found near the scene of the crime.
The standard for the admission of demonstrative evidence is set forth in State v. Drew, 360 So.2d 500 (La.1978), and reads as follows:
To admit demonstrative evidence at trial the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Robertson, 358 So.2d 931 (La.1978); State v. King, 355 So.2d 1305 (La.1978); State v. Dotson [260 La. 471], 256 So.2d 594 (1971). For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. State v. Robinson, supra; State v. King, supra; State v. Williams, 341 So.2d 370 (La.1976) State v. Collins, 328 So.2d 674 (La.1976). Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately connexity is a factual matter for determination by the jury. State v. Robinson, supra. State v. King, supra. State v. Hayes, 306 So.2[d] 705 (La.1975); State v. Freeman, 306 So.2d 703 (La.1975); State v. Dotson, supra; State v. Wright [254 La. 521], 225 So.2d 201 (1969)
This standard has been consistently followed by this court. See State v. Davis, 411 So.2d 434 (La.1982); State v. Tauzier, 397 So.2d 494 (La.1981); State v. Godeaux, 378 So.2d 941 (La.1980).
Defendant contends that the state failed to lay a proper foundation for the introduction of the evidence by not establishing either visual identification or chain of custody, C.Cr.P. Article 773. This contention is without merit.
The male victim testified that the defendant filled out field contact cards on both his companion and himself. He was in the patrol car while the defendant had intercourse with the female in the other vehicle. He saw the defendant tear up the cards when he returned to the patrol car. On May 19th the male accompanied Officer Downs of the Bastrop police to the scene of the crime. There they found pieces of the *966 contact cards. Downs testified that he photographed them where they lay, collected the scraps, placed them in an initialed and dated plastic bag, and turned them over to Captain Neatherly of the Bastrop police.
Neatherly testified that he received the bag containing the scraps from Downs on May 22, 1980, and submitted the pieces to the crime lab in Monroe on May 29, 1980 for handwriting analysis. He visually identified the bag with the scraps in court by his initials and the date marked on the package. Captain Neatherly had possession of the exhibit while it was not at the crime lab. Other field contact cards filled out by the defendant were also submitted to the crime lab for comparison with the torn pieces found at the scene of the crime. Captain Neatherly testified to the chain of custody for those cards and additionally identified them visually in open court.
Robert Foley, the forensic document examiner who conducted the analysis of the handwriting on the cards, visually identified the exhibits as those submitted to him by Captain Neatherly. Chain of custody was also established. Foley stated that there was "strong reason to believe or highly probable that the person who wrote the writing on these contact cards and tickets also wrote the writing on the pieces of contact cards."
This record leaves no doubt that the state established that it was more probable than not that the exhibits were connected with the case. State v. King, supra; State v. Davis, supra. The question of connexity and the weight to be given to these exhibits was a question for the jury to answer. This assignment of error lacks merit.

ASSIGNMENT OF ERROR II.
By this assignment the defendant contends that it was error to allow into evidence three photographs of the location where the contact cards were found. He urges that the photos were irrelevant or, in the alternative that their prejudicial impact outweighed their probative value. La.R.S. 15:441 defines relevant evidence as:
"... that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
The use of photographs as graphic portrayals of oral testimony has long been recognized. A photograph becomes admissible when a witness has testified that it is a correct and accurate representation of what was personally observed by that witness. McCormick Evidence (1972 edition) Section 214. Photographs have been held admissible to show the site from which evidence has been obtained and to establish the connexity between the evidence and the facts of the case at issue. State v. Sneed, 328 So.2d 126 (La.1976). The test of admissibility is whether the probative value of the photograph outweighs the possible prejudice which might result from its display to the jury. State v. Gallow, 338 So.2d 920 (La.1976).
The photographs of the area where the contact cards were found are relevant because they corroborated the testimony of the victims and aided the jury in its understanding of that testimony. Officer Downs testified that he took the pictures. He brought them with him to court and visually identified them. The photographs cannot be said to be prejudicial in and of themselves. A proper foundation for their introduction was laid. The trial court has considerable discretion in admitting photographs. Its ruling will not be disturbed in the absence of an abuse of that discretion. State v. Gallow, supra; State v. Gibson, 271 So.2d 868 (La.1973). We find no error in the admission of these photographs. This assignment lacks merit.

ASSIGNMENT OF ERROR III.
In this assignment defendant contends that the trial court erred in allowing a page of the police radio log to be submitted into evidence. The keeper of the log, Officer Hindom, testified that he prepared the log on the night of the crime. He *967 further testified as to the accuracy of all pertinent entries. There were some markings which Officer Hindom could not account for. These markings do not effect the substance of the document, however, and therefore are not prejudicial, La.R.S. 15:458.[1]
Defendant further contends that the state failed to establish the chain of custody necessary to lay the foundation for the admission of the log. The record clearly establishes that Captain Neatherly had the document in his possession from the time of its removal from the log book until its admission into evidence. In addition Officer Hindom visually identified the exhibit. The document was clearly connected to the case. We find that a proper foundation was laid by the state for the admission of this exhibit.
The original log entry was introduced by the state, therefore the defendant's contention that the certification required by La.R.S. 15:457[2] was not obtained is without merit.
Defendant's final argument on this assignment of error asserts that the log page should have been excluded since the original tape recording of the radio transmissions is the best evidence of the substance of those transmissions. La.R.S. 15:436 requires that "the best evidence which, from the nature of the case must be supposed to exist, and which is in a party's control, must be produced". However this court has held that, absent a showing of some prejudice to the defendant, the best evidence rule will not be applied unreasonably. State v. Bennett, 341 So.2d 847 (La. 1977); State v. Fallon, 290 So.2d 273 (La. 1974). Defendant failed to show how he was prejudiced by the introduction of the log page. He asserts that the tape recordings of the radio transmission would have accounted for the unexplained markings on the log page. However, since the defendant has admitted in his brief to this court that the markings do not alter the substance of the log entry, the trial court's ruling, even if erroneous, does not present reversible error, State v. Bennett, supra. La.R.S. 15:458. This assignment lacks merit.

ASSIGNMENT OF ERROR IV.
By this assignment defendant contends that the evidence used to convict him was insufficient to support the verdict. He argues that the state failed to prove an essential element of extortion, namely the intent to obtain anything of value by communication of threats.
The standard of review of sufficiency of evidence requires consideration of the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. West, 408 So.2d 1302 (La. 1982); State v. Edwards, 400 So.2d 1370 (La.1981); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A rational trier of fact would have no trouble finding all the essential elements of extortion to be present in this case. The defendant told the victim he would not arrest and prosecute her if she had sexual relations with him. Given his status as a uniformed police officer these threats carried great weight. Sexual favors are "anything of value" in the sense intended by La.R.S. 14:66. State v. Dupre, 369 So.2d 1303 (La. 1979); State v. Felton, 339 So.2d 797 (La. 1976).
Defendant contends that the testimony of the two victims contain discrepancies which tend to prove his claim of insufficient evidence. Our review of the record indicates that the victims' testimony is substantially *968 consistent in its essentials. Moreover, the threats were made to the female victim out of the presence of the male. Her testimony alone would support the defendant's conviction. This assignment lacks merit.

ASSIGNMENT OF ERRORS NO.'S V. & VI.
Here the defendant asserts that the trial court erred in failing to comply with C.Cr.P. Art. 894.1 and that his sentence is excessive. He further complains that the trial court erred in denying him bail pending appeal. A review of the sentencing record indicates that the trial court considered numerous factors, both aggravating and mitigating, in imposing sentence. These factors included the psychological impact of the defendant's conduct on his victim, the absence of provocation or justification for his actions, the lack of evidence tending to show that the victim induced or facilitated the crime, the defendant's obvious understanding of the harm his actions would cause, and the unavailability of monetary compensation for his victim. The defendant's lack of a prior criminal record, the possible hardship defendant's imprisonment could have on his family, and the chance that the defendant could be successfully rehabilitated by probationary treatment were also considered. The trial court expressed deep concern over the defendant's serious abuse of the public trust placed in him as a police officer and clearly felt that a lesser sentence would deprecate the seriousness of the crime.
From the foregoing it is clear that the trial judge adequately complied with the sentencing guidelines of Art. 894.1 and set forth a record sufficiently detailed to allow for a reasoned review for excessiveness. State v. Williams, 397 So.2d 1287 (La.1981).
As a general rule a sentence is excessive "if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering". State v. Bonanno, 384 So.2d 355 (La.1980).
The pre-sentence investigation reveals that the defendant is a 27 year old male, married with three children. He had been a police officer since 1977. Supervisors in the police department were more or less equally divided as to the defendant's performance. About one half thought he was a good and conscientious officer, the other half found him negligent in performing his duties and did not think he carried his share of the work. Defendant has been working on construction jobs since his termination from the police department in the wake of the instant charges. Defendant continues to deny his guilt, alleging a "frame up" by the Chief of Police.
In the circumstances presented by this case we do not feel that an eleven year sentence is excessive. The maximum sentence for extortion is fifteen years at hard labor. The trial court did not impose this sentence because of the defendant's first offender status. The sentencing judge felt it was unlikely that the defendant could use the coercive power of his status as a policeman to repeat his crime. However, he also felt that the defendant's conduct indicated that he might use some other type of force or intimitation in the future to achieve the same end. Most importantly the defendant's conduct realizes the worst fears in the public's mind concerning the abuse of police power. His crime is repulsive and without justification. Law enforcement officials should be held to the strictest standards of good conduct. The effect of abuse of the public trust in the police has ramifications which go far beyond the harm to the individual victim. Society as a whole is damaged. Respect for the law and trust in the fairness of our system of law enforcement are damaged by conduct such as defendant's. His conduct in this case is closely akin to rape. We find no abuse of the great discretion given the trial judge in tailoring a sentence to the individual criminal and crime involved by his imposition of an eleven year sentence. State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982). This assignment lacks merit.
Finally defendant contends that the trial judge erred in denying him bail *969 pending appeal. La.C.Cr.P. Art. 314 makes it clear that the granting or denial of bail pending appeal, where the sentence actually imposed is greater than five years, is within the sound discretion of the trial judge. Here the trial judge denied bail based on the circumstances of the offense. We cannot say that this was an abuse of discretion. State v. Tucker, 354 So.2d 521 (La.1978); State v. Prestridge, 399 So.2d 564 (La.1981).
The conviction and sentence are affirmed.
AFFIRMED.
DIXON, C. J., concurs in affirming the conviction but dissents from affirming the sentence.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes, III and David R. M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] La.R.S. 15:458. The party relying upon a written instrument must, before such instrument is receivable in evidence, satisfactorily account for any erasure or interlineation which operates a substantial change of such instrument.
[2] La.R.S. 15:457. A copy of a document, certified to by the officer who is legal custodial of the same is equivalent to the original in authenticity; but the certificate of an officer to any matter not under the general powers vested in him is no evidence at all.