453 So.2d 279 (1984)
STATE of Louisiana, Appellee,
v.
Brenda JOHNSON, Appellant.
No. 16156-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
*281 Nelson & Achee, Ltd. by Harry R. Nelson, Shreveport, for appellant.
William R. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard Carney, Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, HALL and NORRIS, JJ.
HALL, Judge.
The defendant, Brenda Johnson, appeals her conviction by a jury of Theft of property valued at more than $100 and less than $500, LSA-R.S. 14:67, and her sentence to two years at hard labor.
On November 15, 1981, the defendant and three or four other women were seen entering the Piggly Wiggly Store on Greenwood Road in Shreveport. The women were seen taking items of meat from the meat counter and stuffing the meat in their coats. The total value of all the meat taken, which was discarded in the aisles of the store when the police arrived, was between $150 and $200. It was the state's contention at trial that the defendant acted in concert with the other persons to commit one crime of Felony Theft. The jury returned a verdict finding the defendant guilty of Felony Theft as charged.
The defendant on appeal assigns as error the following:
(1) The court erred in overruling the objection to testimony, except that which specifically deals directly with the defendant, Brenda D. Johnson, in permitting testimony as to the actions of others.
(2) The court erred in further overruling the objection to any testimony that in any way refers to anyone else other than directly to Brenda Johnson.
(3) The court erred in overruling the objection to produce photographs marked as S-1 disclosing items of merchandise without foundation connecting the defendant, Brenda Johnson, with any items of merchandise shown therein.
(4) The court erred in overruling the objection to testimony of value by Howard White without laying foundation identifying any item as connected with Brenda Johnson, and a lack of foundation to establish basis for knowledge as to value.
(5) The district attorney committed reversible error and the court erred in permitting the use of photograph S-2 referring to items shown in exhibit marked S-2 as stolen items, it not having been established that any of these items had been stolen by Brenda Johnson.
(6) The court erred in overruling the objection to the leading question by the district attorney in referring to S-2 "are those items that you recovered that day from the people in the store?", the witness having already *282 testified that he himself did not recover these items as such.
(7) The district attorney committed reversible error after being instructed by the court not to use the terms "stolen" before the jury by using terminology and leading questions inquiring of Howard White "and does that picture fairly and accurately depict those items on the date of the crime?", and by repeating such leading questions as to S-3, S-4 and S-5.
(8) The court erred in overruling objection to testimony pertaining to items in a shopping cart, there being no foundation connecting defendant, Brenda Johnson, with a shopping cart or items contained therein.
(9) The court erred in permitting testimony and use of photographs identified as S-6, S-7, S-8.
(10) The court erred in overruling objection to leading questions by the district attorney referred to in the transcript.
(11) The court erred in overruling objection to continued leading questions by the district attorney referred to in the transcript.
(12) The court erred in continuing to permit the use of the photographs S-1 through S-9.
(13) The court erred in overruling the objection to the testimony as to value in the absence of proper foundation connecting any items to the defendant, Brenda Johnson.
(14) The court erred in overruling the objection to leading questions by the district attorney as follows: "Ms. Litton, the items that you were shown on the pictures, are those items that were recovered from the ladies that day?".
(15) The court erred in overruling the objection to the introduction in evidence of the exhibits S-1 through S-9.
(16) The court erred in overruling the objection to the showing of exhibits S-1 through S-9 to the jury, there being no connection of any items to the defendant, Brenda Johnson, and it being prejudicial.
(17) The court erred in overruling the objections as heretofore enumerated, having the cumulative effect prejudicial to the rights of the defendant, Brenda Johnson, as evidenced by the findings of guilty; whereas, Howard White, the employee of Piggly Wiggly, and Officer Warren, who arrested the defendant, testified that Brenda Johnson was at the checkout line at the store at the time of her arrest, that when searched she did not have in her possession any items of merchandise referred to on the photographs and that Brenda Johnson did not run to the back of the store as testified by Mrs. Rosanna Litton. That for the overruling for the objections by the court in the admissibility of the prejudicial testimony the defendant, Brenda Johnson, would have been acquitted.
(18) The court erred in rendering sentence as set forth in the record.
Assignments of Error Nos. 1 and 2:
By these assignments of error the defendant argues that the trial court erred in permitting the state to introduce evidence of the actions of the other women who entered the Piggly Wiggly store. The defendant asserts that the actions of the other persons were irrelevant and not material to the issue of whether she was guilty of theft.
All evidence which is relevant to a material fact in issue, necessary to be known to explain a relevant fact, or which supports an inference raised by such a fact is admissible except as otherwise provided by the constitution of the United States or this state, by law or by rule of the supreme court. LSA-R.S. 15:435; State v. Ludwig, 423 So.2d 1073 (La.1982). Our law defines *283 relevant evidence as that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. LSA-R.S. 15:441. Relevancy of evidence is determined by the purpose for which it is offered. LSA-R.S. 15:442. The trial court has wide discretion in determining the relevancy of evidence and its determination will not be overturned absent a clear abuse of discretion. State v. Allen, 440 So.2d 1330 (La.1983); State v. West, 419 So.2d 868 (La.1982); State v. Huizar, 414 So.2d 741 (La.1982). Further, error made by the trial court is not fatal unless the defendant demonstrates prejudice. State v. Allen, supra; State v. Humphrey, 412 So.2d 507 (La.1981).
The defendant herself did not take enough meat to be valued at over $100. In order to establish facts indicating a felony theft of property amounting to a value of more than $100 under LSA-R.S. 14:67, the state had the burden of showing that all the persons involved in the crime were acting in concert in the commission of the crime. The actions of the other persons were clearly relevant to the charged offense. The defendant has failed to show that the trial court abused its wide discretion in determining issues of relevancy. Therefore, these assignments of error are without merit.
Assignments of Error Nos. 3, 5, 9, 12, 15, and 16:
By these assignments, defendant asserts that the trial court erred in allowing into evidence photographs of the meat which was gathered after the arrest of the defendant.
A photograph becomes admissible when a witness has testified that it is a correct and accurate representation of what was personally observed by that witness. State v. Moore, 419 So.2d 963 (La. 1982). The test of admissibility is whether the probative value of the photograph outweighs the possible prejudice which might result from its display to the jury. State v. Moore, supra; State v. Berain, 360 So.2d 822 (La.1978). Additionally, the trial court has considerable discretion in admitting photographs. The trial court's ruling concerning the admission of photographs will not be disturbed in the absence of an abuse of that discretion. State v. Moore, supra; State v. Gallow, 338 So.2d 920 (La.1976); State v. Gipson, 271 So.2d 868 (La.1973).
The supreme court has consistently held that to admit demonstrative evidence at trial, the law requires that the object be identified. State v. Smith, 430 So.2d 31 (La.1983); State v. Moore, 419 So.2d 963 (La.1982); State v. Drew, 360 So.2d 500 (La.1978). This identification can be visual, that is, by testimony at trial that the object sought to be introduced into evidence is one related to the case. State v. Robertson, 358 So.2d 931 (La.1978). A sufficient foundation has been laid for the admission of demonstrative evidence if it has been established that it is more probable than not that the object is one connected with the case. State v. Smith, supra; State v. Sharp, 414 So.2d 752 (La.1982); State v. Davis, 411 So.2d 434 (La.1982).
Applying the applicable jurisprudence to the facts in the present case, the photographs of the meat were clearly relevant to the material issue of the defendant's guilt. The fact that no particular item of meat was specifically connected to the defendant goes to the weight of the evidence. The evidence indicates that it is more probable than not that at least some items in the pictures were connected with the defendant, that is, taken by her. Additionally, should the state be able to prove that all the suspected persons were acting together, the cumulative nature of the evidence would be relevant to the defendant's guilt. Therefore, these assignments of error are without merit.
Assignments of Error Nos. 6, 7, 10, 11, and 14:
By these assignments of error, defense counsel asserts that the trial court erred in overruling his objection to leading questions by the district attorney. The supreme *284 court has held that although counsel should not be permitted to mold the witness' testimony, a verdict should not be reversed in the absence of a clear abuse calculated to prejudice the accused's rights. State v. Vanderhoff, 415 So.2d 190 (La. 1982); State v. Swift, 363 So.2d 499 (La. 1978); State v. Sheppard, 350 So.2d 615 (La.1977).
From the record it appears the district attorney did lead the witnesses in certain instances; however, it does not appear that these questions were calculated to prejudice the defendant's rights. We find no abuse of discretion in the trial court's rulings. Therefore, these assignments of error are without merit.
Assignments of Error Nos. 4 and 13:
By these assignments of error defendant asserts that the state failed to establish a connection between any item of meat taken and the defendant. In sum, defendant asserts that there was a lack of proper foundation for testimony as to value of the meat taken when no one item was connected to the defendant.
Howard White, employed by the store as a sacker, testified that he helped in determining the value of the items in question. He also stated that in viewing exhibit S-1, a picture of all the meat, that it fairly and accurately showed the items that were recovered that day. Ms. Litton, head cashier at the store, testified that she made a list of all the items on the table shown in S-1. Ms. Litton also testified that she added up the value of the meat from the price tags.
In order to find the defendant guilty of felony theft of property of a value of over $100, the state had the burden of proving that the defendant acted along with others in the commission of the crime. The state was attempting to prove that the defendant was acting in concert with others in attempting to shoplift meat from the Piggly Wiggly store. Therefore, the fact that no particular item of meat was connected to the defendant merely goes to the weight of the evidence. It is well settled that a witness can testify as to facts within his knowledge. LSA-R.S. 15:463. The two witnesses were merely testifying as to the cumulative value of the meat which was recovered. The value of this meat was clearly a fact within their knowledge. Whether any particular item or all the items were connected to the defendant goes to the ultimate issue of guilt to be decided by the factfinder. Therefore, these assignments of error are without merit.
Assignment of Error No. 8:
The defendant asserts by this assignment that the trial court erred in overruling its objection to testimony pertaining to items in a shopping cart in that there was no foundation connecting those items with the defendant. Howard White testified concerning a photograph of several grocery items in a shopping cart.
The defendant asserts that there is a lack of foundation connecting those items to the defendant. However, the record reveals that White testified he had seen the defendant place those items in a shopping cart. It therefore appears that there was a sufficient connection between those items and the defendant. Therefore, this assignment of error is without merit.
Assignment of Error No. 17:
By this assignment, the defendant asserts that the trial court erred in overruling the objections previously argued in other assignments of error and that the cumulative effect was prejudicial to the rights of the defendant. Having determined in consideration of the other assignments of error that there was no prejudicial error in the rulings of the trial court, it follows that the cumulative effect assignment does not have merit.
Although not clearly specified, this assignment when read with the argument in brief, also raises a Jackson v. Virginia contention of insufficiency of the evidence.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States *285 Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt.
As defined by LSA-R.S. 14:67, theft consists of three elements: (a) the misappropriation or taking of anything of value which belongs to another, (b) either without the consent of the other ... or by means of fraudulent conduct, (c) with intent to deprive the other permanently of the object of the taking or misappropriation. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. An additional element under LSA-R.S. 14:67 is proof of the value of the object or objects taken in order to determine the grade of the offense.
Under LSA-R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aide and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The sacker and the head cashier both testified that they saw defendant and three or four other women come into the store together. They all had on coats. Defendant and one of the women got a shopping cart. They all went to the back of the store to the meat counter. Both witnesses testified they saw the women, including specifically the defendant, stuffing steaks, hams, and other meat items in their coats. Defendant and the woman she was with came to the front of the store, leaving the cart which had a few miscellaneous items in it at the rear of the store.
The head cashier had called the police when the sacker first observed the shoplifting operations going on. When the police got to the store, the women, with the possible exception of defendant, ran throughout the store, discarding meat in the aisles. Defendant and her friend were arrested. The others were not apprehended. Meat valued in excess of $100 was recovered from the aisles of the store.
The testimony is in conflict concerning defendant's actions at the time the police arrived. The sacker testified defendant was at the front of the store near the checkout counter with no shopping cart. When the officers came in the other women ran but defendant stayed where she was until an officer got her. The head cashier testified that defendant and the other women were going around the counter to leave the store when the police got there, that they all ran, and that defendant disposed of at least one ham in the candy aisle. A police officer testified that when she arrived defendant was approaching the checkout counter, that she detained defendant at the checkout counter while another officer ran after defendant's friend, and that she searched defendant and didn't find anything.
Defendant denied that she entered the store with anybody else, although she admitted that she and her friend drove to the store together. Defendant said she did not get a shopping cart, said she picked up a few items which she had in her hand at the checkout counter, and said that she didn't have on a coat. Her credibility was substantially impeached by her admission of several previous shoplifting convictions.
In spite of the conflicting versions of defendant's actions after the police got to the store, there is ample credible evidence upon which a reasonable juror could have concluded beyond a reasonable doubt that defendant, together with others with whom she was acting in concert, took over $100 in meat from the meat counter of the store with the specific intent of permanently depriving the owner of the meat. The two store employees saw her come in the store with the other women, saw the women, including defendant, taking meat from the meat counter and stuffing it in their coats, saw defendant and the others go to the front of the store leaving their shopping cart with a few items at the rear of the store, and saw the women with the possible exception of defendant running and discarding the meat when the police arrived. *286 Meat valued in excess of $100 was recovered from the aisles of the store.
The only reasonable inference from these facts is that all the women came into the store together with the intent of committing a theft of meat from the meat counter as a joint and common enterprise, and that each was a principal with the others in the commission of the crime of theft of property valued at over $100. LSA-R.S. 14:24.
This insufficiency of evidence argument is without merit.
Assignment of Error No. 18:
By this assignment of error, the defendant asserts that her sentence of two years at hard labor is excessive and unduly harsh.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
It is pointed out in brief that defendant is a 21-year-old unwed mother of five, and dropped out of high school at 16. It is argued that the trial judge included erroneous reasons in arriving at the sentence in that he considered the defendant's level of education, her economic status, and her number of children born out of wedlock.
The trial court's consideration of the defendant's personal history and background was not only proper, but is required. LSA-C.Cr.P. Art. 894.1; State v. Jackson, 360 So.2d 842 (La.1978). Important elements in considering the sentence are the defendant's personal history such as age, family ties, marital status, health, and employment record. The trial court noted, from the pre-sentence investigation report, that as far back as the defendant could remember her parents had not been employed and she had never been employed. She did not know who was the father of any of her children. The court went through the 894.1 factors. The court particularly noted the defendant's lengthy history of criminal conduct which included five previous shoplifting convictions and several pending charges. The defendant had not responded favorably to previous probationary treatment. The court noted the hardship to the children, but felt defendant's criminal conduct would probably reoccur.
Under the circumstances, we find no manifest abuse of discretion on the part of the trial court in imposing the maximum two-year hard labor sentence.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
Affirmed.