652 So.2d 1061 (1995)
STATE of Louisiana
v.
Kenneth JOHNSON and Henry Joyce.
No. 94-KA-0236.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1995.
*1063 Harry F. Connick, Dist. Atty., Mark D. Pethke, Asst. Dist. Atty., New Orleans, for appellant.
Anne Turissini, Orleans Indigent Defender Program, New Orleans, for appellee Kenneth Johnson.
J. Courtney Wilson, New Orleans, for appellee Henry Joyce.
Before LOBRANO, WALTZER and MURRAY, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Each defendant was tried pursuant to a grand jury indictment on one count of aggravated crime against nature and one count of aggravated rape. Defendant Kenneth Johnson was found not guilty as to the aggravated crime against nature count and guilty as to the aggravated rape count. Defendant Henry Joyce was found guilty on both counts.
On September 2, Johnson was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence and his motion for appeal was granted. The State filed a multiple bill charging Henry Joyce with being a fourth offender. On December 21, Joyce was found to be a fourth offender and sentenced to twenty years at hard labor without benefit of parole, probation or suspension of sentence, under the multiple bill, as to the aggravated crime against nature count and life imprisonment without benefits as to the aggravated rape count.

STATEMENT OF FACTS
On the evening of December 31, 1991, the victim was on her way to her sister's house when she met defendants Kenneth "Kenny" Johnson and Henry Joyce. Kenny Johnson was an old friend of the victim's brother. He *1064 introduced the victim to his companion, Henry Joyce. The men invited her to join them for a New Year's Eve party they were giving at Henry's apartment. She accepted the invitation and went with them.
When they arrived at the apartment, the victim noticed the apartment was dark and there was no music. The defendants explained that it was early and people would be coming later. She walked in and was about to sit down in the living room when Joyce pushed her into a bedroom and told her to take her clothes off. She asked why he was behaving like that, but he only repeated his demand. When she tried to run, he pushed her on the bed and said he was going to the closet to get his gun. He retrieved something from the closet, but the victim could not see what it was. He pointed something at her and threatened to "blow [her] brains out." He then ripped her bra and shirt and pulled her pants down. When the victim asked why he was doing that to her, he told her to shut up or he would kill her. Henry then vaginally raped the victim.
When Joyce was finished, Johnson walked in the room and said he wanted some, too. Joyce then rolled the victim on her side and put his penis in her mouth while Johnson entered her vaginally from behind.
During this time, Richard "Pops" Offray, who lived with Kenneth Stewart in an adjoining apartment, came to the bedroom and asked Joyce to stop, but Joyce threatened him with a baseball bat. "Pops" and Kenneth Stewart then went down to the apartment of George Burgess to see if he could help. Burgess was a friend of Henry Joyce's and a volunteer with the Civil Sheriff's Department. When Burgess arrived at the apartment, he saw both men raping the victim. He shined a flashlight on his badge to get them to stop. Upon seeing Burgess, Johnson got up, put his pants on and went into the living room. The victim then managed to extricate herself from Joyce. She ran and clung to Burgess. Burgess tried to calm Joyce down, but Joyce told him it was none of his business. Joyce then proceeded to argue with "Pops" and Kenneth Stewart for letting Burgess in.
The victim had meanwhile managed to get most of her clothes back on, but Joyce ripped them off again and, with a baseball bat in his hand, threw her back on the bed. He then raped her vaginally again. Unable to stop Joyce with reason, Burgess left and called the police.
Johnson came into the bedroom and told Joyce he had better let the victim go because the police were coming and he did not want to go to jail. At first, Joyce said they would just shoot it out with the police. After Johnson begged, Joyce let the victim get up. She ran down the stairs, putting her clothes on as she ran. The defendants ran after her.
The victim ran to a phone booth where the defendants caught her. She told them she was fine, she was just calling her sister. The victim then saw a police vehicle and flagged it down. She pointed out the defendants who were walking nearby.
The victim was examined by Dr. Robert Lumbaugh, who testified that he found no evidence of drug or alcohol use by the victim. He found tenderness on her face, but it was too soon for bruising to show. There were no other signs of physical abuse. However, Dr. Lumbaugh noted that the victim had her menstrual period, which produces a lubricant and decreases the chances of vaginal lacerations. Lab tests indicated that the victim had seminal fluid and spermatozoa in her internal vagina and that she had contracted a sexually transmitted disease. The examination thus indicated recent vaginal penetration, but was inconclusive as to whether or not that penetration was forceful.
Defendant Kenneth Johnson testified for the defense. He testified that he and Joyce had gone out with $1200 given them by George Burgess, Kenneth Stewart and "Pops" Offray for the purpose of purchasing drugs. While out, they saw the alleged victim, described by Johnson as a "strawberry", a woman who trades sex for drugs. Johnson testified that he had consensual vaginal intercourse with her, according to their agreement. He surmised that she claimed she was raped when she saw Burgess's badge because she was afraid she would be busted. He testified that Joyce had no sex with the alleged victim. Rather, Joyce stayed in the *1065 living room arguing with the others over the money and drugs owed them.

DISCUSSION
A review of the record for errors patent upon the face of the record indicates that there were none.

KENNETH JOHNSON ASSIGNMENT ONE
By his first assignment, Johnson avers that he was denied effective assistance of counsel for various alleged deficiencies relating to investigation, preparation and presentation of the defense. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). The defendant has the burden of showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, the issue of ineffective assistance of counsel is addressed by an application for post conviction relief filed in the trial court where a full evidentiary hearing on the issue can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 622 So.2d 845 (La.App. 4th Cir. 1993). However, when the appeal record contains enough evidence upon which to base a ruling on the issue, the appellate court will make a determination in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); Johnson, 622 So.2d at 849.
The claims made by the appellant in this case cannot be determined from the appeal record. Rather, the appellant may reurge them on post-conviction relief.

JOHNSONASSIGNMENT TWO
By this assignment Johnson avers error in the withholding of exculpatory evidence. In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Court held that the Fourteenth Amendment mandates that the prosecution must disclose to the defense evidence favorable to the defendant if such evidence is material to his guilt or punishment and if the evidence, if suppressed, would deprive him of a fair trial.
The appellant notes that he filed pre-trial motions for exculpatory prior statements of state witnesses and any other exculpatory evidence. He argues that counsel was prevented from cross-examining the victim with her prior statements because the statements made to Dr. Lumbaugh and Det. Allan Gressett were withheld. Although the victim's prior accounts of the incident, as reported by Lumbaugh and Gressett, differed from her account at trial, the discrepancies were brought to the attention of the jury. Johnson complains that, by not providing the statements in advance, the State gained a tactical advantage.
The record indicates that on June 24, 1992, OIDP filed motions for a preliminary hearing, to suppress evidence, to suppress identification, to suppress confession, for discovery and inspection, for speedy trial and an application for bill of particulars. On August 10, 1992, with OIDP representing the defendants, the motions to suppress the identification and the confession were determined to be moot and the motion to suppress evidence was heard and denied. On April 26, 1993, the defendants, in proper person, each refiled the above motions and additionally filed motions for reduction of bail, production of the police report and issuance of a subpoena duces tecum relative to the police report. The minute entry for that date indicates that the hearing on the motions had already been heard. There is no indication in the record that the discovery motions filed by counsel or defendants were ever satisfied. However, neither is there an indication that the defense objected to proceeding with trial without having satisfied the discovery motions.
On the morning of trial, the State filed a notice of intent to use a part of the medical history pursuant to La.C.E. art. 803. The medical history which the State specifically sought to use was the statement by the victim to the treating physician. The written motion avers the defense has been provided *1066 with a copy of the medical history. In addition, the State filed a notice of intent to use the statement of the victim to witness George Burgess, alleged to be the victim's first report of the sexual assault. In fact, George Burgess's testimony dealt with what he saw and what he did and made no reference to statements by the victim. A prior statement of the victim was introduced through the testimony of Det. Gressett, but that statement was introduced in cross-examination, indicating that defense counsel had been provided with the police report and used it.
It thus appears from the record that counsel for the defense was given notice of the prior statements and used them. The appellant fails to allege any other evidence which was exculpatory and withheld to his prejudice. Accordingly, this assignment is without merit.

JOHNSONASSIGNMENT THREE
Appellant argues that the trial court erred by not admonishing or offering curative instructions for the improper remarks of the prosecutor and counsel for the defense. He complains that the prosecutor referred to the defendants as "pigs" several times in rebuttal argument and defense counsel referred to them as "scum" in his closing argument.
Because defense counsel made no objection to the prosecutor's remarks, this claim has not been preserved for review. La.C.Cr.P. art. 841 A. The references to the defendants are not prejudicial, considering the overwhelming proof put forward by the State.
The reference by defense counsel is yet another charge relative to the claim of ineffective assistance of counsel, but the record is sufficient to review this aspect of the claim on appeal.
If an alleged error falls "within the ambit of trial strategy," it does not "establish ineffective assistance of counsel." State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4th Cir.1986). Moreover, "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
The Louisiana Supreme Court has recognized that a defense counsel may argue that a defendant is guilty of a lesser offense or a single count as a tactic to avoid a guilty verdict on a greater offense. See State v. Berry, 430 So.2d 1005 (La.1983); State v. Burkhalter, 428 So.2d 449 (La.1983); and State v. Myles, 389 So.2d 12 (La.1979).
In this case, it appears that the defense counsel was indicating to the jurors that the jurors did not have to approve of the lifestyle of the defendants, who admitted they used drugs and traded drugs for sex. Defense counsel argued that although the defendants were "scum," they had not committed the crimes charged. The tactic was reasonable, although unsuccessful. Even if it were not trial strategy, the reference was insignificant in relation to the evidence presented.
Accordingly, the assignment relative to improper remarks in closing argument is without merit.

JOHNSONASSIGNMENT FOUR
The appellant complains the court failed to consider the pre-trial motions filed pro se by the defendants. Particularly, he argues that a hearing on these motions would have led to discovery of two pages of the police report which were "mysteriously missing," as well as to the true identity of the victim.
The issue of the missing pages of the police report was brought out by the defense at trial. The defense called Officer K. Shields, who testified that he wrote the face sheet of the incident. His report consisted of five pages, which were numbered "one of seven," "two of seven," and so forth, indicating that the full report contained seven pages. Officer Shields testified that his report never contained more than the five pages presented. He further testified that he did not know who might have added the numbering at the bottom. The appellant fails to state how a hearing on this matter *1067 might have opened up what appeared to be a dead end at trial.
As to the allegation that the victim used a "fictitious name," the appeal contains only the appellant's allegation in his motion to quash and his brief. Should that allegation be proved, it would likewise be reviewable by application for post conviction relief, not by appeal.
Accordingly, this assignment is without merit.

JOHNSONASSIGNMENT FIVE
By this assignment the appellant argues the trial court erred in sanctioning unauthorized communication to the jury. Appellant Johnson avers that, when the jury sought further charges at dinner time, a white male employee of the court telephoned the judge at a restaurant. Johnson further avers that he heard the white male state that the judge had asked him to run some copies off and give them to the jury. Johnson further states that the white male appeared with some papers in his hand and delivered them to the jury room. Johnson further states that counsel was not present, as he had left the courtroom for the men's room when the telephone instructions were given.
The appeal record contains the jury instructions, as well as supplemental instructions sought by the jury on the difference between aggravated rape and forcible rape. According to the transcript, the jury was returned to open court for the additional instructions. The record contains no indication of any unauthorized communication. The claim is thus not reviewable on appeal. However, it could be considered on post conviction relief, where the trial court could hear evidence on the issue.

JOHNSONASSIGNMENT SIX
By this assignment the appellant argues that the court erred when, over the objection of counsel, it admitted pictures of nude women into evidence. Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, are generally admissible. State v. Kirkpatrick, 443 So.2d 546 (La.1983), cert. denied, 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 847 (1984); State v. Hartman, 388 So.2d 688 (La.1980). The test of admissibility is whether the probative value of the photograph outweighs the possible prejudice which might result from its display to the jury. State v. Moore, 419 So.2d 963 (La.1982); State v. Jones, 381 So.2d 416 (La.1980). Determining the proper use of photographs at trial is generally within the sound discretion of the trial judge, who can best decide whether they serve a proper place in the jury's enlightenment and its ruling in this respect will not be disturbed in the absence of an abuse of discretion. State v. Kelly, 362 So.2d 1071 (La.1978), cert. denied, 439 U.S. 1118, 99 S.Ct. 1025, 59 L.Ed.2d 77 (1979).
The appellant complains that the exhibits are photographs of the bathroom, which was not the alleged crime scene, and are thus irrelevant and unnecessarily prejudicial. In fact, Det. Gressett did identify the photographs as depicting the wall of the bathroom, not the bedroom. The photographs are irrelevant, but they do not depict violence or nonconsensual sex. No error in their admission prejudiced the defendants. Accordingly, this assignment has no merit.

JOHNSONASSIGNMENT SEVEN
The appellant here avers that he has been denied review of the full record. In fact, the trial record has been supplemented with the complete jury instructions, the complete closing arguments and those portions of the voir dire and opening arguments in which there was an objection by counsel. As only those errors which are objected to at trial are preserved for appellate review, the transcripts are considered complete. This assignment has no merit.

JOHNSONASSIGNMENT EIGHT
By this assignment the appellant avers that the evidence was insufficient to sustain the conviction against him. In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant *1068 guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
Appellant Johnson was convicted of aggravated rape. To sustain a conviction for aggravated rape, the State must have proved that a rape was committed upon a person of sixty-five years of age or older, or that the rape was committed without the lawful consent of the victim under any one or more of the following circumstances: (1) The victim resisted to the utmost but the resistance was overcome by force; (2) The victim was prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution; (3) The victim was prevented from resisting because the offender was armed with a dangerous weapon; (4) The victim was under the age of twelve; (5) Two or more offenders participated in the act.
The appellant argues that the victim's testimony was too inconsistent with her prior statements for a reasonable jury to believe her. The determination of credibility is a question of fact within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984); State v. Jones, 537 So.2d 1244, 1249 (La.App. 4th Cir.1989).
Appellant Johnson admitted that he had vaginal intercourse with the victim. Thus this court need only consider whether he had the lawful consent of the victim and, if not, was the act committed under one of the aggravating circumstances. Although the victim's trial testimony differed from her prior statements to Det. Gressett and Dr. Lumbaugh, the inconsistencies indicated for the most part that the prior statements were incomplete accounts, not false ones.
The only troubling discrepancy was that Dr. Lumbaugh reported that the victim said she had vaginal intercourse with only one of the defendants and oral intercourse with both. All other testimony indicates the reverse. Apparently, the jury chose to believe that either Dr. Lumbaugh reported the victim's statement incorrectly or the victim was confused when she made the statement. George Burgess witnessed the events and corroborated the victim's testimony that she was forced to have vaginal intercourse with both defendants and the oral intercourse with Joyce. Burgess further corroborated the victim's testimony that, at one point, both defendants were on her at the same time.
From the testimony of the victim and Burgess, a reasonable jury could believe that Johnson's vaginal intercourse with the victim was without her consent. The jury could likewise reasonably have found that the victim resisted to the utmost and was overcome by force or was prevented from resisting by the threat of great bodily harm by either a gun or a baseball bat, and that two offenders participated in the act. This assignment has no merit.

HENRY JOYCEWRIT ASSIGNMENTS ONE AND TWO
The first two issues raised in the appellant's application for writ of review are the allegations of error in the trial court's denial of a continuance on the motion for new trial and the court's refusal to consider additional grounds not presented by the written motion. In its disposition on the writ application, this court held that the appropriate remedy was by appeal. In so doing, this court necessarily concluded that the trial court properly denied the motion to continue the motion for new trial and sentencing, rather than further delay the sentencing, which had already been delayed over three and one-half months while newly obtained counsel waited for the trial transcript and researched the possibility of a conflict of interest in trial counsel's dual representation and newly discovered evidence relative to improper communications to the jury. The substantive grounds raised by counsel at the motion for new trial and motion to continue are discussed below; however, any procedural issue as to the denial of those motions is made moot by the acceptance of the writ application as an appeal.

JOYCEWRIT ASSIGNMENT THREE
This assignment, relative to improper communication of supplemental jury instructions, *1069 was discussed in the appeal of Johnson at assignment five. It is without merit.

JOYCEWRIT ASSIGNMENT FOUR

APPEAL BRIEF ASSIGNMENT TWO, PRO SE SUPPLEMENTAL ASSIGNMENT
By these assignments the appellant argues ineffective assistance of trial counsel for various alleged deficiencies relating to investigation, preparation and conduct of the defense. As noted in the discussion of Johnson's appeal at assignment one, these issues are more appropriately considered by an application for post-conviction relief filed in the trial court, where a full evidentiary hearing on the issues can be conducted. These assignments are therefore not reviewable on appeal.

JOYCEAPPEAL BRIEF ASSIGNMENT ONE
By this assignment the appellant avers that the court erred by its admission into evidence of the nude photos which were on the wall of the bathroom, which was not the scene of the crime. This issue is discussed in Johnson's appeal at assignment six. The assignment is without merit.
For the reasons discussed, the convictions and sentences are affirmed.
AFFIRMED.