466 So.2d 567 (1985)
STATE of Louisiana
v.
Ronald E. QUETANT.
No. 84-KA-410.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
William C. Credo, III, Asst. Dist. Atty., Research & Appeals, Gretna, for State of La., plaintiff-appellee.
Martha E. Sassone, Staff Appeals Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for Ronald E. Quetant, defendant-appellant.
Before BOUTALL, GAUDIN and DUFRESNE, JJ.
BOUTALL, Judge.
Ronald Quetant was charged by bill of information with a violation of LSA-R.S. 40:967, distribution of a controlled dangerous substance, pethidine (commonly known as Demerol). Following trial the jury returned a verdict of guilty as charged. A presentence investigation was conducted and defendant was sentenced to 10 years at *568 hard labor. Defendant now appeals his conviction and sentence.
Quetant assigns as error the denial by the trial court of his discovery motion seeking disclosure of the identity of the confidential informant. We find no error and accordingly affirm.
On July 14, 1983, Detective Timothy Valenti of the Jefferson Parish Sheriff's Office was contacted by a confidential informant who advised Valenti that Ronald Quetant was involved in drug trafficking at an Amoco Station in Metairie. The informant, who had worked with Valenti in the past and assisted in numerous arrests and convictions, agreed to introduce Valenti to Quetant. Valenti informed Detective Kenneth Soutullo of the conversation, and Soutullo agreed to set up a surveillance of the Amoco Station so he could corroborate any possible transaction.
Later that day, Soutullo went to the Amoco Station and parked across the street. A few minutes later, Valenti and the confidential informant arrived and engaged in a brief conversation with the defendant. Valenti remarked he was looking to get high, and the defendant indicated he could "help out". Valenti and the defendant walked a short distance down the street, during which time the defendant informed Valenti he had some Demerol for sale. Valenti gave the defendant $15.00[1] for three Demerol tablets. Valenti and the defendant then returned to the booth where the informant was standing. After a brief conversation, Valenti and the informant left the Amoco Station and returned to the Narcotics Office.
Soutullo, who had observed the entire transaction, including the exchange of items between Valenti and the defendant, left the Amoco Station and met Valenti at the Narcotics Office. Following a lab analysis which revealed that the pills were Demerol, defendant was arrested for distribution of a controlled dangerous substance.
Prior to trial, defense counsel filed a motion seeking disclosure of the identity of the informant who introduced Valenti to the defendant. The basis of the motion was that the informant "set up and participated in the crime ..." and that the defendant wished to "interview the informant to ascertain whether his version may shed light on the alleged transaction more favorable to the accused ..." The motion was denied on the ground the informant did not participate in the transaction.
The general rule in this state is that the prosecution may withhold the identity of an informant. This privilege is founded on the strong public policy which favors protecting the identity of the informant. It is not absolute, however. A defendant bears the burden of showing exceptional circumstances warranting such disclosure. See State v. Davis, 411 So.2d 434 (La.1982).
The jurisprudence has established certain guidelines for determining when disclosure is necessary. When an informant only supplies the information and does not participate in the transaction, disclosure is not required. State v. Davis, supra, and cases cited therein. On the other hand, when the informant plays a crucial role in the transaction and the defense meets its burden of showing exceptional circumstances justifying disclosure, disclosure is required. Participation in the alleged criminal transaction is the key; if the informant does not participate, the defendant cannot compel disclosure.
The instant case is very similar to Davis. There, as here, the informant introduced the undercover officer to the defendant and the undercover officer asked if he could "buy something". A sale was made and, while the informant was present during the transaction, the informant did not participate. Thus, the court in Davis found no abuse of the trial court's discretion in denying the defendant's Motion to Compel the Identity of the Confidential Informant.
*569 The record reflects that in the instant case, the confidential informant introduced Valenti to the defendant, Valenti indicated he wanted to get high, and the defendant replied he could "help out". Valenti and the defendant then walked down the street, away from the Amoco Station and the informant, and the drug sale was transacted.
We feel the principles enunciated in Davis control the instant case. In each case, the confidential informant did not participate in the drug transaction. Moreover, the defendant in both failed to give specific and concrete reasons why disclosure was necessary. Thus, in both instances, defendants failed to meet their respective burdens of proof. We find no error in the trial court's ruling, and accordingly affirm.
AFFIRMED.
NOTES
[1] The defendant then handed Valenti $2.00 back because he thought Valenti was "an alright, a good guy" and that probably they could make further transactions at a later date.