GOTHARD, Judge.
The defendant, Gerald Bailey, was charged by grand jury indictment with three counts of distribution of heroin in violation of LSA-R.S. 40:966(A). One of the counts was severed and the defendant, after a jury trial, was found guilty as charged on the remaining two counts. On November 10, 1988 the trial court sentenced the defendant to life imprisonment without benefit of probation, parole or suspension of sentence on each count, to run concurrently.
*683 FACTS
At about 6:30 p.m. on June 15, 1988 Sergeant John Devlin, of the Jefferson Parish Police Department, received a call from a confidential informant who had worked with Sergeant Devlin for about ten or twelve years. The informant told Devlin that a subject named “Pete” wished to sell some heroin and could be located at the intersection of Magnolia and Marengo Streets in New Orleans.
Based on that information, Devlin and his associate, Detective Kenneth Soutullo, met with the informant at police headquarters. The officers searched the informant and his car and instructed him to locate “Pete” and express an interest in the purchase of twelve papers of heroin.
Officer Soutullo followed the informant to Marengo and Magnolia Streets where he observed a man, later identified as the defendant, get into the informant’s car after a short conversation. The informant and the defendant proceeded to McDonald’s parking lot on Veterans Highway, the prearranged meeting place, with Officer Sou-tullo still in pursuit.
Upon arrival at the parking lot, the informant introduced the defendant to Devlin and then went inside McDonald’s. The defendant and Devlin remained in the parking lot. Devlin approached the car and asked the defendant if he had “the stuff.” The defendant showed Devlin twelve aluminum foil wrappers. He opened one to reveal its white powdery contents, later found to be heroin. Devlin handed the defendant $360.00 in a McDonald’s cup. The defendant counted and removed the currency and, after placing the twelve packages in the cup, returned it to Devlin. The confidential informant returned and Devlin left. The entire transaction was observed by Soutullo.
A similar transaction occurred involving the same parties on June 24,1988. On that date, the same informant contacted Devlin to inform him that “Pete” was ready to sell more heroin. This time arrangements were made to buy ten bags of heroin at the McDonald’s on Jefferson Highway at Causeway.
When Devlin arrived at the designated meeting place he recognized the informant’s car and proceeded to it. Because it was raining he got into the back seat. An exchange similar to the previous one was completed with the defendant, who was seated in the passenger seat of the vehicle. The officer received ten packets of a white powdery substance, again found to be heroin, in return for $300.00. Officer Soutullo observed this transaction also, although his view of the actual exchange was obstructed since it occurred inside the vehicle. Both officers testified that they did not see the informant during the transaction.
The defendant, testifying on his own behalf, admits meeting with Devlin on both occasions but asserts that he was there only to accompany Bobby Boudreaux. In the defendant’s version of the facts, it was Boudreaux who wished to get some heroin. The defendant made some calls and found five bags of heroin. Boudreaux subsequently asked the defendant to ride with him to sell ten bags to a white guy at McDonald’s. The defendant contends it was Boudreaux who sold the heroin to Officer Devlin on both occasions. The defendant testified that he only went along because the informant promised to pay him and to “get him high.”
The defendant assigns as error the trial court’s refusal to require the State to reveal the identity of the confidential informant. Throughout the cross-examination of Officer Devlin, defense attempts to ascertain the informant’s name were met with State objections. Those objections were consistently sustained by the trial court.
The United States Supreme Court, in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), balanced the public interest in protecting the flow of information from confidential informants against the individual’s right to prepare a defense. In that case the Supreme Court found disclosure of the informer necessary reasoning that, since the informer and the accused were the sole participants in the transaction, “the informer was the only witness in a position to amplify or contra- *684 diet the testimony of government witnesses.” Roviaro, supra at 77 S.Ct. 630.
Louisiana has recognized the informer privilege and has adopted the Rovi-aro balancing test. State v. Davis, 411 So.2d 434 (La.1982), State v. Dotson, 260 La. 471, 256 So.2d 594 (La.1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). A defendant bears the burden of showing exceptional circumstances warranting disclosure. State v. Dotson, supra; State v. Rhodes, 308 So.2d 770 (La.1975); State v. Davis, supra.
This court has previously explained the guidelines for determining when disclosure is necessary.
When an informant only supplies the information and does not participate in the transaction, disclosure is not required. State v. Davis, supra, and cases cited therein. On the other hand, when the informant plays a crucial role in the transaction and the defense meets its burden of showing exceptional circumstances justifying disclosure, disclosure is required. Participation in the alleged criminal transaction is the key; if the informant does not participate, the defendant cannot compel disclosure.
State v. Quetant, 466 So.2d 567, 568 (La.App. 5 Cir.1985).
In the instant case the informant arranged the sales but did not participate, nor was he present in the actual transaction. The facts in this case are similar to the facts in Quetant. We feel that, as in Quetant, the Davis principles are applicable in the instant case. While the informant was more than a mere tipster, we do not find that he played a crucial role in either transaction. Further, the defendant failed in his burden of proof to show specific circumstances which warranted disclosure of the informant’s identity. We note, in this regard, that the defendant testified that he knew Bobby Boudreaux, for about ten or twelve years. It seems obvious the defendant knew the identity of the informant prior to trial. Therefore, we find no error in the trial court’s denial of defendant’s request to force the State to disclose the informant’s name.
The defendant requests a review of the record for errors patent. Upon such a review we note that the sentence, as imposed by the trial court, is illegal in that it denies the defendant the benefit of parole. LSA-R.S. 40:966(B) provides in pertinent part as follows:
Any person who violates Subsection A with respect to:
(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk “ * ”), upon conviction shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, ...
That statute allows the trial court to deny a defendant benefit of probation or suspension of sentence only. It does not authorize the trial court to additionally exclude a defendant from consideration of parole. State v. Marks, 337 So.2d 1177 (La.1976.)
DECREE
For the reasons assigned, the conviction and sentence are affirmed. The case is remanded to the trial court solely for the purpose of correcting the sentence by deleting therefrom the provision denying the defendant the benefit of consideration of parole. Otherwise, the sentence is to remain in full force and effect.
AFFIRMED.