617 So.2d 225 (1993)
STATE of Louisiana
v.
Patrick SUMLIN.
No. 92-KA-910.
Court of Appeal of Louisiana, Fifth Circuit.
April 14, 1993.
*226 Gregory A. Miller, Norco, for defendant/appellant Patrick Sumlin.
Harry J. Morel, Dist. Atty., Kurt F. Sins, Gregory Champagne, Asst. Dist. Attys., Hanhville, for State of La.
Before WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Patrick Sumlin, appeals from his conviction of Distribution of Cocaine. We affirm.
Defendant was indicted in 1991 for Distribution of Cocaine, a violation of La.R.S. 40:967(A)(1). He was arraigned on May 11, 1991 and entered a plea of not guilty. Numerous pre-trial motions were filed and tried. A jury trial was commenced on March 9, 1992 and, after two days, the jury returned a verdict of guilty as charged. On June 17, 1992, defendant was sentenced to serve nine years at hard labor, with credit for time served.
On October 3, 1990, Lieutenant Charles Collins of the West Baton Rouge Parish Sheriff's Office and Chief Deputy Jerome Fontenot of the Iberville Parish Sheriff's Office were working undercover in St. Charles Parish as part of a sting operation targeted at drug dealers. The officers were working with a confidential informant, who was riding in the rear seat of Collins' vehicle with his girlfriend, pointing out drug dealers. While driving around the Boutte area, the confidential informant noticed Willie Sumlin, the brother of defendant. Believing that the defendant was a drug dealer, the informant introduced the officer to Willie. Then, Willie left the scene and returned shortly, accompanied by the defendant. Collins gave the defendant $40 for the purchase of two rocks of cocaine. The defendant then walked to a nearby nightclub and returned after a few minutes with the two rocks of cocaine. The defendant broke a piece off for himself and handed the remainder of the cocaine to Collins. The officer then gave the defendant an additional $10 because he had to walk a distance to get the drugs. During the transaction, the confidential informant and his girlfriend were in the back seat of the car with Fontenot.
After the purchase, the officers went to a pay phone and called Detective Anthony Akins, the control agent for the St. Charles Parish Sheriff's Office on that night, to inform him of the purchase. They then continued to ride around the area before returning to the third district detective's office in St. Charles Parish.
When the officers returned to the station, they turned the drugs over to Akins. A field test of the substance performed by Akins indicated that it was cocaine. The substance was later sent to the Louisiana State Police Crime Laboratory where it was tested by Jerry Harrison, an expert in the identification of controlled dangerous substances. At the trial he testified that the substance was in fact, cocaine.
The defense called only one witness, Willie Sumlin. He testified that he had never seen Collins in his life, and that neither he, nor the defendant, had sold drugs to Collins or Fontenot.
Defendant raises five assignments of error by the trial judge. First, he contends that the trial judge erred in prohibiting his counsel from cross-examining Akins regarding his prior employment and prior arrest record. Second, he contends that the trial judge erred in failing to require the State to reveal prior to trial the existence of witnesses who participated in and witnessed the alleged offense, when specifically requested in his discovery request. Third, he argues that the trial judge erred in failing to require that the state reveal the identity of the confidential informant and his girlfriend. Fourth, he complains that the trial judge erred in excluding his requested jury charge on entrapment. Fifth, he contests the scope of cross-examination.
*227 Defendant's first issue is whether he was denied his right to confront and cross-examine witnesses against him as provided by the Sixth Amendment of the United States Constitution. In order to impeach Akins' credibility, he asserts he should have been allowed to question Akins regarding Akin's prior arrests. The trial judge refused and based his refusal on La.C.E. art. 609.1 which provides in pertinent part:
"A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, and indictment, a prosecution, or an acquittal ..."
This limitation of the confrontation clause of the Sixth Amendment was found constitutional by the Louisiana Supreme Court in State v. Ware, 345 So.2d 33, 36 (La.1977). In Ware, the Court stated:
"The right to confrontation, while a significant constitutional right, is not so unlimited as to require permitting a defendant on cross-examination of state witnesses to make any and all inquires of whatever character. R.S. 15:495, applicable with respect to the cross-examination of defendant as well as witnesses, is not an unreasonable limitation. R.S. 15:495 is not constitutionally impermissible in derogation of the confrontation clauses of the federal and/or state constitutions."[1]
Thus, the right of confrontation can be limited by the Code of Evidence. And, since the defendant was seeking to attack the officer's credibility, under La.C.E. 609.1, the ruling of the trial judge was correct.
Defendant's second and third issue is that 1) the failure of the state to reveal the existence of a confidential informant lulled him into a false sense of security and affected the merits of his case; and 2) the trial court should have required the state to disclose the names of the confidential informant and his girlfriend.
The record reveals that the state failed to inform defendant of the existence of a confidential informant. Thus, the state's response to defendant's discovery request was deficient. However, the failure to comply fully with discovery rules does not constitute reversible error unless actual prejudice results. State v. Jones, 474 So.2d 919, 928 (La.1985); State v. London, 478 So.2d 1340 (La.App. 5th Cir.1985); State v. Taylor, 597 So.2d 123 (La.App. 5th Cir.1992). No prejudice resulted in this case because the state is not required to reveal the identity of a confidential informant,[2] and because the informant did not testify.[3]
Louisiana has a strong public policy in favor of protecting the identity of confidential informants. The Louisiana Supreme Court has recognized the informer privilege. State v. Davis, 411 So.2d 434 (La.1982). Where a defendant seeks disclosure of an informant's identity, the "burden is upon the defendant to show exceptional *228 circumstances justifying disclosure." State v. Dotson, 260 La. 471, 256 So.2d 594, 606 (La.1971); cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972); State v. Bailey, 545 So.2d 682, 684 (La.App. 5th Cir.1989); writ denied, 551 So.2d 1317 (La. 1989).
In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the U.S. Supreme Court applied a balancing test to determine whether or not an informant's identity should be disclosed. The key language in Roviaro:
"The problem is one that calls for balancing the public interest in protecting the flow of information against an individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62, 63, 77 S.Ct. at 628, 629.
In Davis at page 437, the Louisiana Supreme Court applied the balancing test of Roviaro and held that the trial court did not abuse its discretion in refusing to order disclosure of the informant's identity. There the informant had introduced the undercover officer to the defendant and was physically present at three drug transactions between the undercover officer and Davis. The court held that the informant was not a "participant" in those transactions and did not play a crucial role in the transactions. Davis, Id. at 437. Therefore, the Roviaro principle did not require disclosure. Davis, Id. at 437.
This court has also applied the balancing test of Roviaro, as followed in Davis, in cases similar to this one: State v. Bailey, supra, and State v. Quetant, 466 So.2d 567 (La.App. 5th Cir.1985). In both of those cases, the informant introduced the officer to the defendant and was present during the drug transactions. They were held not to have been participants and, because defendants failed to show exceptional circumstances warranting disclosure, their identities were not ordered disclosed.
Here, defendant argues that the testimony of the informant may have been relevant and helpful to the defense because it might have allowed him to contradict the allegations of the police officer. The same argument was made in Davis and Quetant and was rejected as not constituting "exceptional circumstances" warranting disclosure. We find the argument unpersuasive here as well. Thus, we find no error by the trial judge in failing to order disclosure of the identity of the confidential informant and his girlfriend. The defendant also argues that the rationale of Davis is untenable under Roviaro because the informant in Davis and the present case could have been prosecuted as principals to distribution of cocaine, under LSA-R.S. 14:24 and LSA-R.S. 40:967(A)(1). We disagree. In order to be convicted under LSA-R.S. 40:967(A)(1), a person must intend to commit the crime. A confidential informant, assisting law enforcement officials in an undercover sting operation, does not possess the criminal intent required for a conviction under LSA-R.S. 40:967(A)(1). Thus, we find no reason to reverse the conviction on this basis.
Defendant's fourth issue is that the trial court erred in excluding his requested jury charge on entrapment.
La.C.Cr.P. art. 807 states, in relevant part:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
LSA-C.Cr.P. art. 802 obligates the trial judge to charge the jury as to the law applicable to the case. Under this rule, the trial court is required to charge the jury, when properly requested, as to the law applicable to any theory of defense which the jurors could reasonably infer from the evidence. State v. Marse, 365 So.2d 1319 (La.1978). See also: State v. Bullock, 576 So.2d 453 (La.1991). "Where there is not evidence offered at trial to support the *229 requested special jury charge, the trial judge acts properly in refusing to give the requested charge." State v. Saddler, 538 So.2d 1073, 1077 (La.App. 3rd Cir.1989) (reversed on other grounds), 549 So.2d 1236 (La.1989) citing State v. Belgard, 410 So.2d 720 (La.1982).
In State v. Cook, 460 So.2d 1075, 1083 (La.App. 2nd Cir.1984), writ denied, 466 So.2d 465, 466 (La.1985), the Second Circuit summarized the law on entrapment, as follows:
An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official for the purpose of obtaining evidence of the commission of an offense solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. State v. Batiste, 363 So.2d 639 (La.1978). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. State v. Batiste, supra. For entrapment to exist, a defendant must be induced in some way to engage in criminal conduct which he otherwise would not be disposed to engage in. An entrapment defense will not lie if the officers or agents have merely furnished a defendant who is predisposed to commit the crime the opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981).
A review of the record reveals that the defendant failed to present any evidence that would support a jury charge on entrapment. In fact, the only witness presented by the defense was the brother of the defendant who testified that the entire incident never occurred. Thus, the only evidence presented which could support an entrapment defense was the testimony of either Collins or Fontenot. Neither the direct examination nor the cross examination of either witness suggested that the defendant was induced to engage in this activity by the officers. Thus, we find no error in the decision of the trial court not to give the requested special jury charge on entrapment.
Defendant's last issue is that the trial judge, over his objection, erred in allowing the state to go beyond the scope of cross-examination in questioning its witnesses regarding the location of the alleged offense. Counsel for the defendant listed this assignment in his appeal, but did not brief the issue. Rule 2-12.4 of the Uniform Rules-Courts of Appeal states in part:
All specifications or assignment of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.
Since the defendant has not briefed this assignment of error, we consider the assignment abandoned.
Furthermore, defendant has failed to challenge his sentence in conformity with La.C.Cr.P. art. 881.1(D). Consequently, the legality or excessiveness of his sentence need not be addressed.
We have reviewed the record for error patent detrimental to defendant and find none.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 15:495 was repealed by Acts 1988, No. 515 § 8, replaced by Article 609.1 of the Louisiana Code of Evidence.
[2] See Assignment of Error Number three.
[3] Although the state and counsel for the defense refer to the girlfriend as a confidential informant in the trial transcript, it is unclear whether or not she was actually a confidential informant in the present case. Nevertheless, even if she was not a confidential informant, the trial court's action in this case is correct. The trial court did not require the state to reveal the identity of the girlfriend because the identity of the informant would be revealed if the state disclosed the name of the girlfriend. In State v. Williams, 347 So.2d 184 (La.1977) the wife of a confidential informant was present and the court did not require the disclosure of her identity. In addition, the ruling here is consistent with the state's strong public policy in favor of protecting the identity of confidential informants. Thus, the decision not to require disclosure of the girlfriend's identity was correct based on the Williams case and the state's policy of protecting informants.