668 So.2d 1281 (1996)
STATE of Louisiana
v.
Scott BECNEL.
No. 95-KA-591.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 1996.
*1282 Bruce G. Wittaker, Staff Appellate Counsel, Gretna, for Appellant Scott Becnel.
John M. Mamoulides, District Attorney, Leigh Anne Wall, Assistant District Attorney, Gretna, for Appellee State of Louisiana.
Before WICKER, and CANNELLA, JJ., and CHIASSON, Pro Tem.
CANNELLA, Judge.
Defendant, Scott Becnel, appeals from his conviction of distribution of cocaine and sentence. We affirm.
On July 8, 1993, Agent Robert Lore (Lore) of the Jefferson Parish Sheriff's Office received information from a confidential informant (C.I.) that an individual named "Scotty" was selling crack cocaine in front of a certain house in the Bridge City area. He contacted Agent Lisa Crawford (Crawford) and they planned an undercover operation to purchase illegal narcotics. An electronic audio transmitter was attached to her which was monitored by Lore and she was given $100 to buy *1283 the drugs. Crawford then drove an unmarked car in the target area, accompanied by a C.I., who sat in the front passenger seat. When they arrived at the house, Crawford spotted a man who she later identified as defendant. She made a hand signal indicating her desire to purchase "twenties", a street term for $20 rocks of crack cocaine. Although Crawford had never seen defendant before that day, the C.I. recognized him and called him by name. He approached the vehicle and the C.I. asked "Can you help my girl out?" He then asked Crawford what she needed. She said that she needed $100 worth of crack cocaine. The seller said "all right" and walked out of sight to the rear of a house. Moments later, he gave Crawford "six crack cocaine rocks" in exchange for the $100. Crawford drove from the area and met with the surveillance team. Lore, who overheard the transaction from the audio transmitter, field-tested the substances and determined that they were crack cocaine. The agents then returned to the office. The results of the field-test was later confirmed by laboratory tests.
Approximately forty minutes after the transaction, Lore compiled a photographic line-up. Then, Crawford identified a photograph of defendant as the seller of the drugs and defendant was subsequently arrested.
At trial, Crawford identified defendant as the seller of cocaine on July 8, 1993. Agent Wende Juncker identified defendant as the man she assisted in arresting on November 30, 1993.
Before the state rested its case at trial, defense counsel made an oral motion to traverse defendant as to his understanding of his right to testify. The court granted the motion. During the testimony, defendant stated that he had pled guilty to possession of cocaine in 1991 under La.R.S. 40:983. He received a sentence of probation, which he claimed that he successfully completed, without violation or revocation. Defendant expressed his desire to testify in his own defense, provided he was not subject to impeachment by the prior plea. Defense counsel argued that a R.S. 40:983 plea cannot be used to impeach defendant. The state indicated it's intent to use this "prior conviction" to impeach defendant's testimony if he took the stand in his defense. However, the trial judge determined that defendant did not plead guilty under R.S. 40:983 and ruled that the conviction was available for impeachment. Consequently, defendant did not testify and the case proceeded.
Several witnesses testified for defendant. Ralph Taylor (Taylor) testified that he was a life-long acquaintance of defendant, familiar both with defendant's work history in construction and with his parents. Taylor testified that he never knew defendant to sell drugs, including cocaine. However, Taylor did know about a "dude from the country", known as "Peanut or Penuckle" who sold drugs in the neighborhood and who resembled defendant. Another life-long acquaintance of defendant, Willis Stevenson, also testified that, to his knowledge, defendant never sold drugs. Joseph Louis, III (Louis), a close friend of defendant, supported the other witnesses' statements. Louis testified that he was familiar with "Peanut", knew that "Peanut" looked like defendant and knew that he sold drugs in the area.
On appeal, defendant first asserts that the trial judge erred in ruling that his guilty plea could be used to impeach his testimony and that this error deprived him of his constitutional right to testify. Defendant next contends that the trial judge erred in denying his request for the disclosure of the C.I. Third, defendant asks us to review the record for patent error.

PRIOR CONVICTION
Defendant contends that he was unable to testify in his own defense, to rebut the sole witness's identification of him as the drug seller, because the trial judge ruled that he would allow the state to impeach him on a prior R.S. 40:983 conviction for possession of cocaine. He argues that the prior conviction under R.S. 40:983 cannot be used for impeachment, if defendant has not violated his probation.
R.S. 40:983 provides as follows:
Sec. 983. Conditional discharge for possession as first offense

*1284 A. Whenever any person who has not previously been convicted of any felony under any law or any misdemeanor under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C)(3), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C), or R.S. 40:970(C), and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
B. Upon the defendant's violation of any of the terms or conditions of his probation, the court may revoke his probation, enter an adjudication of guilt, and impose sentence upon such person. The entering of the adjudication of guilt shall be retroactive to the date the defendant pled guilty or was convicted under Subsection A of this Section, but the imposition or execution of sentence shall not be retroactive.
C. Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.

D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E. Discharge and dismissal under this Section may occur only once with respect to any person. {emphasis added}
La.R.S. 40:983 provides for the conditional dismissal and discharge of a first offense conviction for possession of certain controlled substances. It allows the trial court, without entering a judgment of guilt, to defer the proceedings and place defendant on probation. Defendant is not sentenced but is placed directly on probation. The conditional aspect requires the fulfillment of the terms and conditions of probation. If the probation is successfully completed, the proceedings are dismissed and defendant is discharged. Then, it is not deemed a conviction "for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." La.R.S. 40:983; State v. Wiggins, 556 So.2d 622, 627 (La.App. 5 Cir.1990).
In State v. Rabbas, 278 So.2d 45, 47 (La. 1973), the Louisiana Supreme Court stated, in dicta, that an R.S. 40:983 conviction cannot be used for impeachment purposes at any time before the entry of an adjudication of guilt resulting from the violation of the terms and conditions of probation.[1] In Wiggins, 556 So.2d at 627, we held that the statement in Rabbas is sound, based on the purposes and language of the statute. However, we also held that this does not necessarily mean a reversal is warranted when the admission of inadmissible evidence does not affect the substantial rights of the accused. La.C.Cr.P. art. 921. As we stated in Wiggins, the standard to be applied is "whether there is a `reasonable' possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not." State v. Walters, 523 So.2d 811 (La. 1988); Wiggins, 556 So.2d at 627.
After reviewing the commitment and written plea form signed by defendant from the prior offense, the trial judge allowed the state to use defendant's prior conviction as impeachment. Both documents show that the trial judge did not withhold adjudication of guilt nor defer proceedings and place defendant on probation. Instead, defendant was sentenced to two years at hard labor, suspended, with one year of probation. The plea agreement contains a notation in the sentencing paragraph that the plea was being taken pursuant to R.S. 40:983. In defendant's motion for new trial, a copy of the plea transcript was produced. In it, the trial judge informs defendant that, if the trial court accepts his plea, he will be sentenced to *1285 two years at hard labor, suspended, with one year of probation. He also stated that defendant will be sentenced under the provisions of R.S. 40:983. However, the trial judge then accepted the plea and pronounced sentence. Thus, defendant's "conviction" was not in conformity to the provisions of R.S. 40:983.[2]
Whatever the parties intended in the prior case, both the trial judge and this court can only consider the record and the actions of defendant and the trial judge in the prior case. In that case, the plea of defendant was not accepted without adjudication of guilt, the proceedings were not deferred and defendant was not only placed on probation. Those actions do not meet the requirements of R.S. 40:983. Thus, we find that the trial judge herein did not err in concluding that the prior conviction for possession of cocaine was a proper basis for impeachment of defendant, if he were to take the stand in the present case.
In addition, the record reflects that defendant understood his constitutional rights and the decision not to testify was his. Because he did not testify, we do not know whether the state would have used the prior conviction to impeach him, or what effect such impeachment might have had on the outcome of the trial. In any event, he presented a defense through the testimony of three witnesses who testified that defendant neither used nor sold drugs. Regardless, the jury believed that defendant was guilty of distribution of cocaine. Thus, we further find that defendant was not deprived of his constitutional right to testify.

DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANT
Defendant asserts that the trial judge erred in failing to order the state to disclose the identity of the C.I., when the trial testimony showed that the C.I. was in the car during the drug transaction. Defendant asserts that the C.I.'s testimony was crucial because he was the only other person that could have stated whether or not defendant was the perpetrator. He argues that it was particularly important because his other three witnesses testified that a man who resembled defendant was known to traffic in drugs in that area.
As we stated in State v. Gaines, 93-1000 (La.App. 5th Cir. 3/29/94), 636 So.2d 961, 963:
The informer privilege of withholding the identity of an informant is founded upon public policy and seeks to advance the public interest in effective law enforcement. Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). In Roviaro, the United States Supreme Court held that the problem of disclosure calls for balancing the public interest in protecting the flow of information from confidential informants against the individual's right to a prepare a defense ...
Louisiana has recognized the informer privilege and has adopted the Roviaro balancing test. To be entitled to disclosure, defendant bears the burden of showing exceptional circumstances. State v. Dotson, 256 So.2d at 599; State v. Davis, 411 So.2d 434, 437 (La.1982); State v. Bailey, 545 So.2d 682, 684 (La.App. 5th Cir.1989), writ denied, 551 So.2d 1317 (La.1989). Much discretion is vested in the trial court on the question of whether the circumstances warrant disclosure. State v. Babbitt, 363 So.2d 690, 695 (La.1978); State v. Oliver, 430 So.2d 650, 652 (La.1983).
The determination of whether a proper balance renders nondisclosure of the identity of the C.I. erroneous depends upon the particular circumstances of each case. Roviaro v. United States, 353 U.S. at 62, 62-64, 77 S.Ct. at 628, 629. The court must consider the crime charged, the possible significance of the informer's testimony and other relevant factors. Id. Louisiana has adopted the Roviaro balancing test. The following guidelines determine when disclosure is necessary:

*1286 "When an informant only supplies the information and does not participate in the transaction, disclosure is not required. State v. Davis, supra, and cases cited therein. On the other hand, when the informant plays a crucial role in the transaction and the defense meets its burden of showing exceptional circumstances justifying disclosure, disclosure is required. Participation in the alleged criminal transaction is the key; if the informant does not participate, the defendant cannot compel disclosure." (Emphasis added)
State v. Quetant, 466 So.2d 567, 568 (La. App. 5th Cir.1985); cited in State v. Bailey, 545 So.2d 682 at 684 (La.App. 5th Cir.1989), writ denied, 551 So.2d 1317 (La.1989); State v. Gaines, 636 So.2d at 963.
In this case, the C.I. did not play a crucial role in the transaction. His participation was limited to introducing defendant to the undercover agent. The courts have held that this does not constitute participation sufficient to require disclosure of the C.I.'s identity. See: State v. Davis, 411 So.2d 434 (La.1982); State v. Quetant, 466 So.2d at 569; State v. Bailey, 545 So.2d at 684; State v. Gaines, 636 So.2d at 964.
Further, defendant was unable to show exceptional circumstances justifying the disclosure. Unlike the C.I. in Roviaro, the C.I. here was not the sole eyewitness. Crawford was another eyewitness. In addition, three witnesses testified on defendant's behalf regarding defendant's resemblance to the drug dealer known as "Peanut." In State v. Sumlin, 617 So.2d 225, 228 (La.App. 5th Cir. 1993), this court held that the possibility that the testimony of a C.I. may have helped the defense contradict the allegations of the undercover police officer did not constitute "exceptional circumstances" warranting disclosure of the identity of the C.I. Thus, we find that defendant has not met his burden of proving exceptional circumstances and the trial judge did not err in denying defendant's request for disclosure of the C.I.

ERROR PATENT
We have reviewed the record for error patent under La.C.Cr.P. art. 920 and do not find any patent errors.
Accordingly, the conviction and sentence of defendant are hereby affirmed.
AFFIRMED.
NOTES
[1] The case was reversed and remanded on other grounds.
[2] Defendant did not seek review of this plea or sentence. Under the facts before us, an out-of-time appeal of that may be appropriate.