727 So.2d 1235 (1999)
STATE of Louisiana
v.
Carlous FRANCIS.
No. 98-KA-811.
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*1236 Paul D. Connick, Jr., District Attorney, Terry ML Boudreaux, Assistant D.A., Alison Wallis, Frank Brindisi, Gretna, LA, for Plaintiff-Appellee.
Laurie A. White, Louisiana Appellate Project, New Orleans, LA, for Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr. EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Carlous R. Francis, with distribution of cocaine, in violation of LSA-R.S. 40:967(A). The matter proceeded to trial before a twelve person jury, at the conclusion of which the defendant was found guilty as charged. The trial judge sentenced the defendant to serve twenty-five (25) years imprisonment at hard labor.
The state subsequently filed a bill of information seeking to have the defendant adjudicated a second felony offender, pursuant to LSA-R.S. 15:529.1. After the defendant admitted the allegations contained in the multiple offender bill, the trial judge vacated the original sentence and imposed an enhanced sentence of thirty years imprisonment at hard labor. The defendant now appeals.

*1237 FACTS

On July 28, 1997, Jefferson Parish Sheriff's Officers Crossen, Blankenship and Davis conducted an undercover narcotics investigation in Avondale. Officer Davis drove an unmarked police car, while Officers Crossen and Blankenship drove a second unmarked police car. Officer Davis' testimony established that he purchased one rock of crack cocaine from the defendant for twenty dollars ($20.00). During the trial, Officer Davis identified the defendant as the person who sold him cocaine on July 28, 1997. Although Officers Crossen and Blankenship were unable to see the drug transaction, they were able to hear the drug transaction because Officer Davis' vehicle was equipped with a concealed transmitter. Officer Davis' vehicle was also equipped with a concealed video camera.
Following the transaction, Officer Davis met Officers Crossen and Blankenship at a prearranged location, whereupon he gave Officer Crossen the narcotics he had purchased and the videotape of the transaction. These items were labeled with police item number G28839. However, the police did not know the defendant's name at that time.
Officer Crossen explained that a group of concerned citizens living in the Avondale area came to the police station to view videotapes of drug transactions in an effort to identify the individuals selling drugs in their area. On September 11, 1997, a concerned citizen viewed the July 28, 1997 videotape and told the police that the defendant was the man in the video selling drugs to Officer Davis. Thereafter, Officer Crossen assembled a photographic lineup that included a photograph of the defendant and asked Officer Davis if he could identify the individual from whom he purchased cocaine on July 28, 1997. According to Officer Crossen, Officer Davis selected the defendant's photograph. The videotape of the July 28, 1997 transaction was played for the jury.
Mr. Edgar Dunne, employed as a forensic scientist with the Jefferson Parish Sheriff's Office, testified that the evidence contained in police item number G28839 was crack cocaine.
The defense presented no evidence.

ENTRAPMENT DEFENSE
In his first assignment of error, the defendant contends that he was denied his constitutional right to present a defense because the trial judge prohibited counsel from raising the issue of entrapment. He specifically claims that the trial court erred in three respects: (1) by refusing to allow the defendant's trial attorney to cross-examine Officer Davis in an attempt to develop the affirmative defense that the defendant was entrapped, (2) by refusing to charge the jury with respect to the affirmative defense of entrapment, and (3) by refusing to allow the defense attorney to argue the defense of entrapment in his closing argument.
We will now address the defendant's first complaint. At trial, defense counsel began to cross-examine Officer Davis about whether Avondale was a financially depressed neighborhood or an affluent neighborhood. At that point, the district attorney objected on the grounds of relevance. Defense counsel answered the prosecutor's objection, claiming that the line of questioning he was attempting to pursue was relevant to the defense of entrapment. The trial judge sustained the prosecutor's objection, stating as follows:
The entrapment is not before this jury. The issue before this jury is whether this Defendant sold cocaine to this Witness, and whether they believe the testimony beyond a reasonable doubt. Now, that's the bare bone minimum. I mean whether it's a wealthy or poor neighborhood is not relevant.
Relevant evidence is defined in LSA-C.E. art. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." A trial judge's determinations regarding relevancy and admissibility should not be overturned absent a clear abuse of discretion. State v. Mosby, 595 So.2d 1135 (La.1992). Moreover, the Louisiana Supreme Court explained that "the scope and extent of cross-examination rests largely within the discretion of the trial judge and his rulings will not be disturbed in *1238 the absence of an abuse of discretion." State v. Garrison, 400 So.2d 874 (La.1981).
This Court, in State v. Sumlin, 617 So.2d 225 (La.App. 5 Cir.1993), explained the principle of entrapment as follows:
An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official for the purpose of obtaining evidence of the commission of an offense solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. For entrapment to exist, a defendant must be induced in some way to engage in criminal conduct which he otherwise would not be disposed to engage in. An entrapment defense will not lie if the officers or agents have merely furnished a defendant who is predisposed to commit the crime the opportunities to do so.
In State v. Hardy, 98-25 (La.App. 5 Cir. 5/13/98), 715 So.2d 466, this Court explained the respective burdens of proof when the defense urges entrapment as follows:
The entrapment defense is composed of two elements: 1) an inducement by a state agent to commit an offense, and 2) lack of predisposition to commit the offense on the part of the defendant. The burden of proof is on the defendant to raise the defense of entrapment and produce a preponderance of evidence that a state agent induced him to commit a crime. Once the defendant meets this burden, the state has the burden of proving beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to government involvement.
Turning to the present case, when the trial judge asked the defense attorney about the relevance of his line of questioning during his cross-examination of Officer Davis, the defense attorney stated that the questions were to establish the defense of entrapment. However, the defense attorney did not explain how testimony regarding whether or not Avondale was a financially depressed neighborhood or an affluent neighborhood was relevant to a defense of entrapment. The defense attorney did not proffer any questions that he wished to ask Officer Davis on this subject, nor did he request that he be allowed to continue questioning Officer Davis outside the presence of the jury for purposes of proffering the officer's testimony. The only explanation offered by the defense attorney regarding the relevance of this line of questioning was "it is abundantly clear to me that this Witness is doing everything in his power not to testify and to say exactly what he wants us to hear and nothing else."
Finally, the defendant's brief to this Court does not explain the relevance of this line of questioning to the defense of entrapment. The defendant's brief to this Court merely asserts, without explanation, that the questions were designed to demonstrate that the officer entrapped the defendant. Based on the foregoing, we find that the trial judge did not abuse his discretion in determining that the subject matter of the defense attorney's cross-examination was not relevant, and accordingly, he did not err by refusing to allow counsel to cross-examine Officer Davis regarding whether or not Avondale was a financially depressed or an affluent neighborhood.
The defendant next complains that the trial judge erred by refusing to charge the jury regarding entrapment.
Regarding special jury instructions, LSA-C.Cr.P. art. 807 provides as follows:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the *1239 general charge or in another special charge to be given.
A requested jury charge must be supported by the evidence. State v. Craig, 95-2499 (La.5/20/97), 699 So.2d 865, cert. denied, ___ U.S. ___, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997); State v. Sumlin, supra.
In the present case, the defendant did not present any evidence during trial. Therefore, the only evidence that could support an entrapment defense was the testimony of Officers Crossen and Davis, and neither the direct examination nor the cross-examination of either witness suggested that the defendant was induced to engage in this activity by the officers. Therefore, the trial judge did not abuse his discretion in refusing to charge the jury on entrapment.
Finally, the defendant complains that the trial judge erred in failing to allow the defense attorney to argue the defense of entrapment during his closing argument. LSA-C.Cr.P. art. 774 provides in pertinent part:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. ...
As previously stated, there was no evidence presented at trial which supported the affirmative defense of entrapment. Therefore, we conclude that the trial judge did not err in refusing to allow the defense attorney to argue entrapment to the jury. Based on the foregoing discussion, we find no merit to the arguments raised by defendant in this assignment of error.

MULTIPLE OFFENDER PROCEEDINGS
In his second assignment of error, the defendant claims that both his adjudication as a multiple offender and his enhanced sentence must be vacated because the trial judge failed to advise him of his rights before accepting his admission to the allegations contained in the multiple offender bill of information, and thus his guilty plea was not knowingly and intelligently made.
Louisiana jurisprudence has consistently held that, in a multiple offender proceeding, a trial court must advise a defendant of his right to a hearing at which the state is required to prove the allegations of the multiple bill, and of his right to remain silent. State v. Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093; State v. Hopson, 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767. If the record reflects that the defendant was advised of his rights by the trial court and/or his attorney, then the defendant intelligently waived his rights. State v. Carruth, 94-147 (La.App. 5 Cir. 9/27/94), 643 So.2d 1319; State v. Wheelwright, 615 So.2d 385 (La.App. 5 Cir.1993), writ denied, 619 So.2d 576 (La. 1993)
In the present case, the defense attorney told the trial judge that he had advised the defendant of his right to a hearing, that the defendant wished to waive that right and stipulate to his second felony offender status. The transcript further reveals that the terms of the guilty plea to the multiple offender bill were discussed in court, that the trial judge specifically addressed defendant to make sure that he understood the sentence that would be imposed pursuant to the stipulation, and that the trial judge asked the defendant whether he understood the rights that were listed on the waiver of rights form, to which the defendant responded affirmatively. In addition to this colloquy, the record also contains a document entitled "WAIVER OF RIGHTSPLEA OF GUILTY MULTIPLE OFFENDERLA. R.S. 15:529.1" which was signed by the defendant, the defense attorney, and the trial judge. The defendant initialed each separate paragraph, including those that advised him of his right to remain silent and his right to a hearing, at which the state is required to prove the allegations of the multiple bill.
Considering the exchange that took place among the parties and the waiver of rights form, we find that the defendant was adequately advised of his rights before he admitted the allegations contained in the multiple offender bill of information and that he knowingly and intelligently waived those rights. Accordingly, we reject the arguments *1240 raised by the defendant in this assignment of error.

EXCESSIVE SENTENCE
In his third assigned error, the defendant claims that his enhanced sentence is constitutionally excessive. The defendant further claims that the trial judge erred in failing to give reasons for the imposition of the enhanced sentence.
According to LSA-C.Cr.P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. See also State v. Christmann, 96-888 (La.App. 5 Cir. 3/12/97), 692 So.2d 1155, writ denied, 97-0951 (La.10/3/97), 701 So.2d 196.
In the present case, a specific sentence of thirty years imprisonment at hard labor was imposed in conformity with a plea agreement that was set forth in the record at the time of the defendant's admission to the multiple offender bill of information. Accordingly, the defendant is precluded from seeking appellate review of his sentence.

ERRORS PATENT DISCUSSION
We have also reviewed the record for errors in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La. 1975).
Such a review reveals that the trial judge did not advise the defendant of the prescriptive period for post-conviction relief. LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. Thus, the trial judge is ordered to inform the defendant of the provisions of this article by sending appropriate written notice to him within ten days of this opinion and to file written proof that the defendant received such notice.
We also note that the trial judge failed to specify that the defendant's enhanced sentence be served without benefit of probation or suspension of sentence, as required by LSA-R.S. 15:529.1(G). However, since the trial court did not affirmatively suspend any portion of the sentence or impose any probationary period, we find there was substantial compliance with the sentencing directives of the multiple offender statute. State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351.
Accordingly, the defendant's conviction and sentence are affirmed; however, the matter is remanded with the instructions as noted above.
AFFIRMED, REMANDED WITH INSTRUCTIONS.